UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ralph L. Miller**, as Trustee
of the Kyung Ae Bae Trust under Trust
Agreement date October 16, 1989 between Kyung
Ae Bae as Settlor and Kyung Bae as Trustee, and
**Kyung Ae Bae**, as Trustee of the Kyung Ae Bae
Trust under Trust Agreement dated October 16,1989
between Kyung Ae Bae as Settlor, and Kyung Bae as Trustee,

                    Plaintiffs,

v.

**MSX-IBS Holdings, Inc.**, a Delaware corporation, and
**MSX International, Inc.**, a Delaware corporation,

                    Defendants.

---

R. Christopher Cataldo (P39353)
Patrice S. Arend (P56962)
Jaffe, Raitt, Heuer & Weiss, P.C.
Attorneys for Plaintiffs
27777 Franklin Road, Suite 2500
Southfield, Michigan  48034
248.351.3000
ccataldo@jaffelaw.com

---

## COMPLAINT AND JURY DEMAND

Plaintiffs Ralph L. Miller ("Miller"), as Trustee of the Kyung Ae Bae Trust under Trust Agreement date October 16, 1989 between Kyung Ae Bae as Settlor and Kyung Ae Bae as Trustee (the "Trust"), and Kyung Ae Bae ("Bae"), as Trustee of the Trust, through undersigned counsel, complain against Defendants MSX-IBS Holdings, Inc. ("MSX-IBS") and MSX-International, Inc. ("MSXI") as follows :

### The Parties and Jurisdiction

    1.    Miller is an individual who resides in the State of Nevada.

1836133.01

2. Bae is an individual who resides in the State of Nevada.

3. Miller and Bae are citizens of Nevada.

4. Miller and Bae are the Trustees of the Kyung Ae Bae Trust under trust agreement dated October 16, 1989. The Trust is administered in Nevada and is a citizen of Nevada.

5. MSX-IBS is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Warren, Michigan. MSX-IBS is a citizen of Delaware and of Michigan.

6. MSXI is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Warren, Michigan. MSXI is a citizen of Delaware and Michigan.

7. The amount in controversy exceeds $75,000 exclusive of interest and costs.

8. This Court has diversity jurisdiction of this matter pursuant to 28 USC § 1332(a) as complete diversity exists between all plaintiffs, who are citizens of Nevada, and all defendants, who are citizens of Delaware and Michigan, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has venue over this matter pursuant to 28 USC § 1391.

### General Allegations

10. Miller purchased 7,679 shares of MSXI's Series A preferred stock in connection with the initial formation of the corporation. Miller subsequently transferred the Series A preferred shares to the Trust with the consent of MSXI.

11. In 2001, Plaintiffs filed a lawsuit against MSXI and other affiliates in the Circuit Court for Oakland County Michigan, captioned *Miller et al. v. MSX International, Inc. et al.*, Case No. 01-028856-CK, asserting claims for declaratory judgment, breach of Stockholders'

Agreement, and shareholder oppression. Defendants, in turn, asserted a counterclaim for declaratory judgment and specific performance (The "First State Court Lawsuit").

12. The First State Court Lawsuit was settled by a Settlement Agreement and Mutual Release dated August 16, 2002 (the "Settlement Agreement"). The Settlement Agreement contains a confidentiality provision preventing a copy of it from being attached as an exhibit to this Complaint, but Defendants have a copy of the Settlement Agreement in their possession.

13. The Settlement Agreement contains Michigan choice-of-law and venue provisions (Settlement Agreement ¶ 14.)

14. Under the terms of the Settlement Agreement, Plaintiffs and MSXI agreed, among other things, that MSXI's Amended and Restated Certificate of Incorporation dated March 30, 2001 (the "Certificate") could not be changed to decrease the 12% dividend rate, reduce or diminish the accrual, payment terms, or stated value, or extend the date of redemption with respect to the Trust's Series A preferred stock without the written consent of the Trust (Settlement Agreement ¶ 4.) The March 30, 2001 Certificate obligated MSXI to redeem all of the Series A preferred shares on December 31, 2008.

15. If MSXI proposed a transaction in contravention of the Settlement Agreement and the Trust did not provide written consent as set forth in paragraph 13 of the Settlement Agreement, MSXI could demand the Trust sell all of its preferred stock to MSXI under the terms of the Settlement Agreement.

16. On or about March 27, 2007, MSXI engaged in a transaction pursuant to which MSX-IBS was formed and then became the holding company for MSXI. As a result of the transaction, the previously issued Series A preferred shares of MSXI were cancelled and replaced with new Series A preferred shares of MSX-IBS, which Defendants claimed had the

3

1836133.01

identical rights and privileges of the MSXI Series A preferred shares (hereinafter the "Transaction"). As a result of the Transaction, all of the Trust's MSXI Series A preferred shares were cancelled and replaced with shares of MSX-IBS Series A preferred shares without its consent.

17. Plaintiffs filed a second lawsuit in the Circuit Court for the County of Oakland, Michigan (Oakland County Circuit Court case no. 07-081824-CK)(hereinafter the ("Second State Court Lawsuit.") In the Second State Court Lawsuit, Plaintiffs claimed that the cancellation of their MSXI Series A preferred shares was a breach of the Settlement Agreement, and sought, among other relief, a decree establishing that the cancellation was a breach of the Settlement Agreement, and an order compelling MSXI to redeem the Trust's Series A preferred shares.

18. MSXI prevailed in the Second State Court Lawsuit, and on appeal, based on the following representations that it made (among others) to the Court: 1) the redemption date for the Trust's Series A preferred shares was not affected by the Transaction and remained December 31, 2008; and 2) the 12% dividend rate, accrual and payment terms of the replacement MSX-IBS Series A preferred shares were identical to the 12% dividend rate, accrual and payment terms of the MSXI Series A preferred shares; and 3) that the purpose of the Transaction was to move a portion of MSXI's existing debt (which was not being paid off in the financing obtained in connection with the Transaction), along with the Series A preferred shares, to a separate and distinct corporation, MSX-IBS. MSXI further represented to the Court that this financial separation and distinction between MSXI and MSX-IBS was the purpose of the Transaction, as the new lenders would only refinance the company debt if their new debt was the obligation of a corporation separate and distinct from the corporation that was obligated on the Series A

4

1836133.01

preferred shares and the remaining old debt. As a result of the Transaction, the existing unpaid debt and the Series A preferred shares became the obligation of MSX-IBS, whereas repayment of the new debt generated through the Transaction was the obligation of a separate and distinct corporation, MSXI. These and other representations made by MSXI ultimately persuaded the Oakland County Circuit Court, and the Michigan Court of Appeals, that the cancellation of the MSXI Series A preferred shares and replacement with new MSX-IBS Series A preferred shares did not violate the Settlement Agreement.

19. Consistent therewith, counsel for MSXI stated on the record before the Michigan Court of Appeals that MSXI/IBS would redeem the Trust's Series A preferred stock as soon as the funds were legally available.

20. Defendants are estopped to take positions in this proceeding that are inconsistent with the representations that they made to the Court, and prevailed upon, in the Second State Court Action, including but not limited to their representations that MSXI's and MSX-IBS's assets and liabilities were separate and distinct, and that these two corporations be treated as separate and distinct.

21. The funds are legally available for the redemption of the Trust's Series A preferred stock to the extent required by Delaware law. Consistent with the representations that it made to Court in the Second State Court Action, the liabilities of MSXI cannot be considered for purposes of determining whether MSX-IBS has sufficient assets to legally redeem the Trust's Series A preferred shares.

22. Notwithstanding the forgoing, neither MSXI nor MSX-IBS redeemed the Trust's Series A preferred shares on December 31, 2008.

1836133.01

23. The Trust has been damaged by MSXI's and/or MSX-IBS's failure to redeem the Series A Preferred shares by an amount exceeding $75,000 exclusive of interest and costs to be proven at trial.

24. The Trust is entitled to a decree ordering the Defendants to redeem the Trust's Series A preferred stock, or in the alternative, is entitled to a money judgment in the amount of the value of the Series A preferred shares, plus all accrued 12% dividends and other amounts due and owing, calculated through the date of actual payment.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Defendants, jointly and severally, as follows:

A. A money judgment in an amount in excess of $75,000 to be proven at trial, exclusive of interest, costs and attorney fees, in favor of Plaintiffs and against Defendants for the value of Plaintiffs' preferred stock, plus all accrued dividends at 12% per anum and other amounts due and owing, calculated through the actual date of payment, plus interest, costs and attorney fees; or

B. An order that the Defendants redeem all of the Trust's Series A preferred shares, plus all accrued 12% dividends and all other amounts due an owing, calculated through the date of actual payment, plus interest, costs and attorney fees,

C. Such other and further relief in Plaintiffs' favor to which this Court deems just and equitable.

1836133.01

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

          Respectfully submitted:

By: s/ R. Christopher Cataldo
R. Christopher Cataldo (P39353)
Patrice S. Arend (P56962)
Attorneys for Plaintiffs
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan  48034
248.351.3000
ccataldo@jaffelaw.com

Dated:  December 30, 2009

7

1836133.01